R. Matthew Pettigrew, Jr.
Markowitz & Richman
123 South Broad Street – Suite 2020
Philadelphia, PA 19109
215-875-3132

*Attorneys for Plaintiffs*

---

## United States District Court
## District of New Jersey

---

| | | |
|---|---|---|
| **Trustees of the Teamsters Health & Welfare** | : | |
| **Trust Fund of Philadelphia and Vicinity,** | : | |
| 2500 McClellan Avenue – Suite 140 | : | |
| Pennsauken, NJ 08109, | : | |
| | : | Civil Action |
| Plaintiffs | : | |
| | : | No. |
| v. | : | |
| | : | |
| **C. Abbonizio Contractors, Inc.,** | : | |
| 1850 Hurffville Road | : | |
| P.O. Box 315 | : | |
| Sewell, New Jersey 08080, | : | |
| | : | |
| Defendant | : | |

---

## Complaint

---

The plaintiffs, by and through their attorneys, Markowitz & Richman, complaining of the

defendant, C. Abbonizio Contractors, Inc., respectfully allege:

### Nature of the Claim

1.  This action is instituted under, and by virtue of, Sections 502 and 515 of the Employee

1

Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145,

and Section 301 of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29

U.S.C. § 185, to collect unpaid fringe benefit contributions.

2. Jurisdiction is conferred on this court by ERISA Sections 502(a)(3), (e)(1) and (f), and

430 l (c), 29 U.S.C. §§1132(a)(3), (e)(1) and (f), and 1451(c), and by the provisions of 28 U.S.C.

§ 1331, relating to any civil action or proceeding arising under the laws of the United States.

3. Venue is proper in this court pursuant to Sections 502(e)(2) and 4301 (d) of ERISA, 29

U.S.C. §§ 1132(e)(2) and 145l(d), because the Plan is administered in this district.

**Parties**

4. The plaintiffs are the Trustees of the Teamsters Health & Welfare Trust Fund of

Philadelphia & Vicinity ("Health Fund").

5. The Health Fund is a multi-employer benefit fund within the meaning of Section

302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and Sections 3(3) and 3(37) of ERISA, 29 U.S.C.

§§ 1002(3) and 1002(37).  The Fund receives and administers contributions from various

contractors who are obligated to make contributions thereto by virtue of their having agreed to be

bound by collective bargaining agreements with various local unions affiliated with the

International Brotherhood of Teamsters, including Local 331.  The Fund's office is located at

2500 McClennan Avenue, Suite 140, Pennsauken, New Jersey  08109.

6. Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and

1451(a)(1), the plaintiffs, as fiduciaries, are authorized to bring this action on behalf of the Fund,

its participants, and its beneficiaries.

7. Abbonizio, is, and at all times relevant hereto has been, an employer within the

meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), with a principal place of business located at 1850 Hurffville Road, Sewell, New Jersey.

## Background

8.  Abbonizio's employees who are represented by Local 331 are participants in and beneficiaries of the Funds.

9.  Abbonizio is a party to a collective bargaining agreement ("Agreement") with Local 331 and is bound by the terms of the Agreement. (The relevant portions of the Agreement are included with this Complaint as Exhibit A.)

10.  Article 17 of the Agreement requires Abbonizio to make timely contributions to the Funds for each hour worked by each employee.

11.  Abbonizio is a party to the Health Fund agreement and declaration of trust . (The Health Fund agreement and declaration of trust is included with this Complaint as Exhibit B.)

12.  Section 9(e) of the Health Fund agreement and declaration of trust authorizes the Trustees to review and audit Abbonizio's records relating to its employees and business operations.

## Count One

## Breach of Contract

13.  Paragraphs 1 through 12 of this complaint are re-alleged as if fully set forth herein.

14.  At all times relevant to this lawsuit, Abbonizio employed individuals whose wages, hours, and terms and conditions of employment were governed by the Agreement.

15.  In accordance with the Agreement, Abbonizio is required to make monthly contributions to the Health Fund for each hour worked by each employee.

3

16.  Contributions are required to be paid no later than the 20th day of the month following the month for which they are due.

17.  The Fund's records indicate that Abbonizio has failed to pay at least $1,731.07.

18.  Liquidated damages at the rate of 10% per month plus legal fees and court costs are imposed on late payments.

**Count Two**

**Violation of ERISA**

19.  Paragraphs 1 through 18 of this Complaint are re-alleged as if fully set forth herein.

20.  Section 515 of ERISA, 29 U.S.C. § 1145, requires that every employer, who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collective bargaining agreement, shall do so in accordance with such plan or agreement.

21.  Upon information and belief, Abbonizio owes at least $1,731.07 to the Fund.

22.  Section 502(g) of ERISA, 29 U.S.C. § 1132(g)(2), provides that in any action instituted for on or behalf of a multi-employer plan to enforce the payment of delinquent contributions, the Court shall, if judgment is entered in favor of the plan, award the plan:  (a) the unpaid contributions, plus (b) interest on the unpaid contributions, plus (c) an amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages provided for under the plan in amount not in excess of 20 percent (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court under subparagraph (a), plus (d) reasonable attorney's fees and costs of the action, plus (e) such other legal or equitable relief as the court deems appropriate.

4

23.  Abbonizio's failure to pay the contributions owed to the Fund constitutes a violation of ERISA.

**Wherefore,** the plaintiffs respectfully request that this Court:

(a) enter an Order for judgment in favor of the plaintiffs and against Abbonizio in the amount of $1,731.07, plus interest and liquidated damages;

(b) enter an Order directing Abbonizio to cooperate with the Fund's auditors so that any additional amounts of unpaid contributions, interest, and liquidated damages can be determined;

(c) enter an Order directing Abbonizio to pay to plaintiffs all reasonable attorneys' fees and litigation costs in connection with this action;

(d) enter an Order declaring Abbonizio liable for all additional amounts that the auditors determined to be owed; and

(e) award to the plaintiffs such other and further relief as may be just, necessary, and proper.

Respectfully submitted,

August 15, 2019
Date

R. Matthew Pettigrew, Jr.
Markowitz & Richman
123 South Broad Street – Suite 2020
Philadelphia, PA 19109
215-875-3132
Attorneys for Plaintiffs